{¶ 37} While I agree with Part II of the majority's opinion, I respectfully dissent with Part III because substantial evidence supports the trial court's delinquency adjudication.
 {¶ 38} First, substantial circumstantial evidence supports the trial court's conclusion that Horton intentionally ignited the fire. The expert witness testified that the fire was intentionally set and that two separate ignitions occurred. The first ignition started a small fire, which Whitehead either completely or nearly extinguished when she doused it with water. The second ignition involved an accelerant, which the expert believed to be the kerosene lamps. Both Horton and Whitehead testified that Horton did not keep a kerosene lamp in her bedroom and Whitehead testified that she removed all the kerosene lamps from the storage closet several weeks prior to the fire. This testimony provided a reasonable inference, upon which the trial court was free to rely, that Horton intentionally ignited the fire for a second time with the kerosene lamps.
 {¶ 39} Also, I do not agree with the majority's conclusion that the expert's testimony cannot be trusted because (1) he failed to testify that his opinion was based on a reasonable degree of professional certainty and (2) he supported his testimony with incomplete information. Regarding the latter argument, the majority argues that the expert's testimony that Whitehead never informed him that she heard a cracking noise upon waking renders his testimony essentially non-credible and shows that the fire was already substantial when she awoke. I disagree. It is true that the expert testified that Whitehead never informed him of the noise and even stated that such information could "possibly" be significant to his investigation. However, the expert also testified that the cracking sounds could be due to any number of factors and not necessarily to an explosion, which would indicate a rapid and intense fire. The expert did not testify that this information changed his opinion.
 {¶ 40} Regarding the former argument, it is true that the expert never testified as to whether he formed his opinion based upon a reasonable degree of professional certainty. However, the defense stipulated that he was an expert witness and neither party has disputed his qualifications, even on this appeal. Also, the defense never specifically objected to the expert's testimony on the basis that it lacked a foundation. Because Horton never objected, she waived any claim of error. State v. Sibert
(1994), 98 Ohio App.3d 412, 422, citing State v. Rapp (Jan. 12, 1994), Ross App. No. 1912; Johnston v. Univ. Mednet (Aug. 11, 1994), Cuyahoga App. No. 65623; State v. Cotton (Mar. 18, 1993), Cuyahoga App. No. 62105.
 {¶ 41} I also do not agree with the majority's analysis of the time-line. Whitehead testified that she was not sure how much time elapsed between the moment she doused the flames with water from the bucket and when she returned to the house with a water hose. She estimated that it could have been between one-two minutes. Given her uncertainty, it is perfectly reasonable to infer that it may have taken longer than one-two minutes, thus providing enough time for Horton to retrieve the lamps and re-ignite the fire. Moreover, the majority assumes that Whitehead, in one-two minutes, was able to (1) throw a bucket of water on an open flame, (2) run through the home, out the front door and to the back of the home, (3) grab the hose and turn on the water, and (4) run back to the front of the home, go inside and run into the back bedroom. But the majority then concludes that it was impossible for Horton to run from her bedroom to the kitchen/living area, retrieve several lamps, and return to her bedroom and re-ignite the fire, within the exact same time frame. If one is reasonable, the other is as well.
 {¶ 42} Finally, Horton's testimony is non-credible. According to Horton, she left the home and went out onto the porch before Whitehead even initially doused the flames. Whitehead, however, testified she saw Horton walk outside of the home, while calling the fire department. Horton's testimony is self-serving and contradicts Whitehead's testimony, while nothing in the record shows that Whitehead's testimony is non-credible. Also, Horton testified that she did not awake to a small fire, but to one that had already engulfed one wall in the room. However, Whitehead testified that the fire was initially isolated to clothing on the floor. Again, Horton's testimony is self-serving and the record provides no reason to find Whitehead's testimony anything but credible. Finally, Horton testified that she awoke when she heard Whitehead scream and that she stared at the fire for one-two minutes before leaving the room. Yet, Horton testified that she never saw Whitehead in the room. It is simply too incredible to believe that Horton would awake because Whitehead screamed, find a room terribly ablaze with a raging fire, stare at the fire for one-two minutes, and then leave the room without ever seeing Whitehead, who extinguished the initial fire, in the room.
 {¶ 43} For the foregoing reasons, I respectfully dissent.